(8 Misc. Rep. 604.)

### DENIKE v. DENIKE.

(City Court of Brooklyn, General Term. May 28, 1894.)

TRIAL—VERDICT—PARTIAL INVALIDITY.

Where the verdict, in a case in which plaintiff is not entitled to interest, shows on its face that it is made up in part of interest, it cannot be sustained, as to such part, though the total amount is less than the jury could have awarded without including any interest.

Appeal from trial term.

Action by Abraham Denike against Charles W. Denike. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

H. J. Morris, for appellant.

M. L. Towns, for respondent.

CLEMENT, C. J. The plaintiff brought this action to recover of the defendant the sum of $1,000, with interest from July 11, 1883. In the complaint the plaintiff alleged that on or about July 11, 1883, the defendant applied to him for a deed of his interest in certain real estate, and promised, in consideration thereof, to pay him the sum of $1,000 and interest from said July 11, 1883, upon the final settlement of the estate of one Abraham Denike, who had devised the real estate in question to plaintiff, defendant, and Elizabeth A. Burnham. Plaintiff further alleged in his complaint that by reason of such promise of the defendant he delivered to him a deed conveying all his right, title, and interest in and to said real estate, and that a decree upon a final accounting of the estate of Abraham Denike was made and entered on February 6, 1893. The defendant

denied that he promised to pay plaintiff the sum of $1,000 at the time of the delivery of the deed, but testifies that two years afterwards, in 1885, he did tell the plaintiff that he would give him $500 if he received a distributive share in the final accounting of the estate of Abraham Denike. It appears in the final accounting that there was nothing to divide. The testimony of defendant is confused, and it is difficult to understand what he did mean to say. The jury found a verdict for plaintiff for the sum of $500, with interest from July 11, 1883. If the jury had found a verdict for $1,000, with interest from the date of the final accounting, February 6, 1893, it would have been in accordance with the testimony of plaintiff. The plaintiff did not testify that the defendant agreed to pay interest in addition to the $1,000, but that he agreed to pay $1,000 at the last accounting. As there was no promise to pay interest, and the defendant was not in default until the date of such accounting, on no theory of the case was it possible for the defendant to be liable for interest, except from the date of the final accounting. The jury could have found a verdict for plaintiff for the sum of $807.58 (the amount of damages in the judgment), and the defendant could not complain; but it appears on the face of the verdict that the plaintiff was awarded $500 of principal and $307.58 interest. The question whether the defendant was liable to plaintiff for the sum of $1,000 or a smaller amount was one purely of fact, and was properly submitted to the jury. Judgment and order denying new trial reversed, and new trial granted, costs to abide the event, unless within 10 days plaintiff's attorney files a stipulation reducing the damages to the sum of $500, with interest from February 6, 1893, in which case judgment and order denying new trial are affirmed, without costs of appeal.